IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN MAIDEN, # N-60674, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-874-NJR |
| | ) |
| WILLIAM P. HARRIS, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Harris, the Dietary Manager, allowed a hazardous condition to remain in the kitchen, which caused Plaintiff to fall and sustain a serious burn. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if

1

it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review under § 1915A.

### The Complaint

At the time Plaintiff was injured on September 24, 2016, he was employed as a cook in the kitchen at Pinckneyville, where he is still an inmate worker. (Doc. 1, pp. 1, 3). Plaintiff's assigned duty that morning was to clean up, and cook chicken in a kettle. In the floor in front of the 4 kettles is an 18-foot-long floor drain, which is 18 inches deep. The drain is covered by grates made of 14-inch-long rods welded to strips of flat iron. (Doc. 1, p. 3). Several of the welds were broken and had been in that condition for some years. Inmate workers must step on the grates when cooking or cleaning.

Plaintiff stepped on the grate and his foot went through it where a weld was broken. He put out his left arm to break his fall, and that arm came in contact with the hot kettle where chicken was cooking. (Doc. 1, p. 3). He sustained a painful burn approximately 5" by 2" in size on his arm. Plaintiff was taken to the Health Care Unit and given treatment. A large area of burned skin was removed. The wound was so painful that Plaintiff did not go for follow-up treatment on several days because the slightest touch was painful. Ten months later, the burned area has "impaired skin integrity" and is permanently discolored. (Doc. 1, p. 4). Plaintiff's arm movement above his head, behind his back, and forward is "not normal." *Id.* Plaintiff's Complaint does not contest the adequacy of his medical treatment.

Plaintiff asserts that Dietary Manager Harris knew about the broken welds on the floor grates for more than a year, yet refused to have the rods re-welded, creating an unreasonably hazardous condition in the kitchen for Plaintiff and other inmate workers. (Doc. 1, p. 4). Plaintiff learned that several days before his injury, another cook had suffered a similar fall through the floor grate and severely burned his arm. *Id.* Later on, in May 2017, Harris had the rods on the floor grates repaired. (Doc. 1, p. 5).

Based on these facts, Plaintiff brings an Eighth Amendment claim against Harris for deliberate indifference to the hazard posed by the broken floor grates. (Doc. 1, pp. 4-5). He also alleges that Harris was negligent in failing to have the grates repaired, despite knowing that the welds were broken. (Doc. 1, p. 5).

Plaintiff seeks declaratory relief and damages. (Doc. 1, p. 6). He also requests an injunction against Harris and his subordinates, enjoining them from retaliating against him for bringing this suit. *Id.*

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:** Eighth Amendment claim against Harris, for deliberate indifference to the risk of injury to Plaintiff posed by the hazardous condition of the kitchen floor grate;

**Count 2:** State law negligence claim against Harris, for failing to repair the hazardous floor grate despite his knowledge that injury could result and that another inmate had in fact been hurt by falling through the grate.

As explained below, both counts above shall proceed in this action for further review.

### Count 1 – Deliberate Indifference

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause with regards to any conditions of confinement in prison. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective conditions must have resulted in an unquestioned and serious deprivation of basic human needs such as food, medical care, sanitation, or physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 347

(1981). The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842. It is well-settled that mere negligence does not amount to a constitutional violation. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Courts have consistently held that the fall hazard posed by a surface such as a wet shower or kitchen floor does not implicate Eighth Amendment concerns. *See Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Bell v. Ward*, 88 F. App'x 125 (7th Cir. 2004) (affirming the dismissal of a slip-and-fall claim on § 1915A review because accumulation of water on prison floor did not present a risk of serious injury). *See also Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001) ("[F]ailing to provide a maximally safe environment, one completely free from . . . safety hazards, is not [a constitutional violation]."). Similarly, an uneven surface on a prison softball field did not create an excessive risk to the safety of the inmates who played ball there. *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (plaintiff's eye was injured when a softball bounced off a "protrusive lip" on the field and struck him; court held that the risk of being hit by a softball as a result of a hazardous field condition is not one that "today's society chooses not to tolerate.").

In contrast, a significant hazard that is out of the ordinary may violate the Eighth Amendment, if prison officials knew of the danger and unreasonably subjected an inmate to a serious risk of harm. For instance, the Seventh Circuit held that a prisoner stated a cognizable

5

claim for unconstitutional conditions of confinement where he alleged that he was forced to walk down a staircase strewn with garbage and milk while he was handcuffed, and then fell after the guards refused to help him navigate the obstacles. *Anderson v. Morrison*, 835 F.3d 681, 682-83 (7th Cir. 2016) (distinguishing *Pyles v. Fahim*, 771 F.3d 403, 410-11 (7th Cir. 2014), which held that "slippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement" that violates the Eighth Amendment). Prisons are not required to provide a "maximally safe environment." *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001). However, they must act to prevent "unreasonable peril" or address "preventable, observed hazards that pose a significant risk of severe harm to inmates." *Anderson*, 835 F.3d at 683; *see also Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 689 (7th Cir. 2013); *Smith v. Peters*, 631 F.3d 418, 420 (7th Cir. 2011).

In this case, Plaintiff's work area in the kitchen presented more than just the common danger of a slippery floor. The broken grate that covered an 18-inch-deep floor drain arguably posed a significant risk of severe physical harm to the inmate kitchen workers. Further, it appears to have been a "preventable, observed hazard." Plaintiff alleges that Harris knew about the condition for some time, and the danger was underscored when another cook was hurt by falling through the grate just days before Plaintiff suffered the same injury.

At this stage, Plaintiff's Eighth Amendment deliberate indifference claim against Harris survives review under § 1915A. **Count 1** shall proceed for further consideration.

### Count 2 – Negligence

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the

original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

Plaintiff's claim that Harris was negligent in failing to correct the dangerous condition of the grate is such a state law claim. It is based on the identical facts that underlie the deliberate indifference claim in Count 1.

In Illinois, in order to state a claim for negligence, a complaint must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)). "Whether a duty is owed presents a question of law for the court to decide, while breach of duty and proximate cause present questions of fact for the jury to decide." *Id.*

Because Plaintiff's constitutional claim in Count 1 shall proceed in this action, the Court shall also give further consideration to his related negligence claim against Harris in **Count 2**.

## Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

## Disposition

The Clerk of Court shall prepare for **HARRIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date

the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 28, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**