UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN MAIDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17-cv-874-GCS |
| | ) |
| WILLIAM P. HARRIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On August 17, 2017, Plaintiff Juan Maiden, then an inmate in the custody of the Illinois Department of Corrections, filed suit against Defendant William P. Harris seeking damages related to injuries Maiden received while working in the kitchen at Pinckneyville Correctional Center. Maiden brought two claims against Harris. First, he alleged that Harris was deliberately indifferent to the risk posed by a broken kitchen floor grate that Maiden stepped on and fell through. As a result, Maiden burned his arm on a nearby stove as he attempted to break his fall. Second, Maiden brought a state law negligence claim against Harris for failing to repair the hazardous floor grate.

Harris moved for summary judgment on the merits (Doc. 34) to which Maiden responded (Doc. 37). The Court considered the arguments of the parties, and, on January 24, 2020, granted Harris's motion for summary judgment. (Doc. 42). Specifically, the Court found that there was not sufficient evidence that the grate system, even in the allegedly faulty state described by Maiden, created an excessive risk of harm. Other than

his own mishap, Maiden only identified one other injury caused by the grate system even though inmates regularly walked the kitchen floors and stood on the grates. The undersigned also reasoned that even if the grate system created an excessive risk of harm to kitchen workers, there was insufficient evidence that Harris acted with deliberate indifference towards a preventable, observed risk because there was no evidence that Harris knew there was an issue with the floor grate at the time Maiden was injured.

After finding that summary judgment was appropriate on Maiden's constitutional claim, the Court dismissed his state law negligence claim finding that it was a claim against the State of Illinois that belonged in the Illinois Court of Claims under the Illinois State Lawsuit Immunity Act. To the extent that the claim did not fall within the reach of the Illinois State Lawsuit Immunity Act, the Court declined to exercise supplemental jurisdiction over the negligence claim after entering summary judgment on Maiden's federal claim.

Judgment was entered in favor of Harris and against Maiden on January 27, 2020. (Doc. 43). By motion dated February 27, 2020, Maiden asks the Court to reconsider the entry of judgment. (Doc. 44). Motions to reconsider final judgment can be brought under either Federal Rule of Civil Procedure 59(e) or under Rule 60(b). Rule 59(e) allows that, upon motion, a court can alter or amend a final judgment, provided that the motion is filed no later than 28 days after the entry of judgment. *See* FED. R. CIV. PROC. 59(e). Maiden's motion was filed 30 days after the entry of judgment. Harris raises no challenge as to timeliness, and the Court finds that, because Maiden is *pro se* and does not file electronically, the deadline for the filing of a motion pursuant to Rule 59(e) was extended

three additional days through February 27, 2020. *See* FED. R. CIV. PROC. 6(d). As such, it is appropriate to consider whether relief is warranted under Rule 59(e) rather than under Rule 60(b).¹

The purpose of Rule 59(e) is to provide the district court with a means for correcting errors that may have "crept into the proceeding" while the district court still holds jurisdiction over the case. *See Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015)(internal quotations and citation omitted). The motion is not an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

Maiden's motion does not warrant altering or amending the final judgment in this action. He does not point with the required degree of particularity to any manifest errors of law or fact made by the Court in its order granting summary judgment. He attaches documents already considered and does not point to any specific errors or misstatements made by the Court in reaching its conclusion. Even interpreting his *pro se* filing liberally, Maiden fails to point to any evidence of a manifest error of law or fact. Instead, if

---

¹ It is worth noting that Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir. 1983)(internal quotations and citation omitted). Maiden makes no showing of exceptional circumstances, nor does his motion satisfy the heightened requirements of moving for reconsideration pursuant to Rule 60(b).

anything, Maiden focuses on the impact of earlier orders denying requests for counsel and how recruited counsel could have changed the outcome of the case.

The Court need not revisit its earlier orders related to recruitment of counsel in weighing whether an error was made in granting summary judgment. Nonetheless, it is worth noting that Maiden's complaints lack merit. Upon review of the record, Maiden filed two motions for recruitment of counsel during the pendency of his case. The first was filed with his complaint on August 17, 2017, and it was denied because he did not provide information demonstrating that he had attempted to recruit counsel on his own. (Doc. 9). Maiden filed a second motion for recruitment of counsel on October 27, 2017, and it was denied without prejudice on April 5, 2018. The Court found that, at that point, Maiden demonstrated the capacity to litigate this action and that he could read and write in a coherent manner.

Maiden did not request recruited counsel again, and his pleadings continued to be well-reasoned throughout the pendency of this action. The undersigned is unpersuaded that the two denials for counsel in 2017, before a scheduling and discovery order was entered, warrant setting aside a judgment that was entered after consideration of the thorough briefing by both sides. For all these reasons, Maiden's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 27, 2020.

Digitally signed by Judge Sison
Date: 2020.04.27 10:23:13 -05'00'

GILBERT C. SISON
United States Magistrate Judge